Upon the trial at CRAVEN, before Badger, J., it appeared that the defendant, being the holder of a note made by Hardee Mills, Thomas Mills, and William Mills, dated 20 September, 1816, and payable ninety days after date, to the president and directors of the Bank of New Bern, for the sum of $559, offered the note to the bank to be discounted for his accommodation; the note was accordingly discounted, and the proceeds applied to the defendant's use upon his writing an indorsement on the note in these words, "Guaranteed by John Sneed." The ninety days expired on 19 December, and (no payment having been made by (501) the makers) on the 23d notice of nonpayment was given to the defendant, and that the bank looked to him for payment. The defendant resided in the same street and within a short distance of the bank. The presiding judge, holding that the guaranty was an agreement to be responsible as an indorser, and that due notice had been given, a verdict was taken for the plaintiff, subject to the opinion of the court upon the further questions arising on the following facts:
The bank brought an action on the note against the makers to May sessions, 1813, of Pitt County court. The writ was returned, "Executed on Thomas and William Mills; Hardee Mills not to be found, having left the State." A nol. pros. was entered as to Hardee, and at August sessions following the bank obtained judgment against Thomas and William Mills. On this judgment a fi. fa. issued, which was returned at November, with these indorsements: "Levied on Thomas Mills' land where he lives." "Credit this execution with $60.97, paid by Charles Jenkins." "Indulgence by the plaintiff's agent for the balance." From November another fi fa. issued (not as an alias), returnable to February, 1819, which was returned indorsed, "Nothing to be found"; from February another issued to May, which was returned indorsed as the last; from May to August another issued, which was returned with the following indorsements: "Levied on the land where Thomas Mills now lives, as the property of said Mills, though in dispute, 24 May, 1819. No sale on account of the land being in dispute." From August a ven. ex. issued, which was returned to November, indorsed as follows: "The interest of Thomas Mills in the within land sold at the courthouse in Greenville, 5 November, 1819, and bought by Walter Hanrahan for $25"; a fi.fa. then issued, which was returned to February, 1820, "Nothing to be found."
The writ in this action against Sneed was returned to Spring (502) Term, 1820, when the defendant pleaded the general issue, with *Page 281 
leave to add; at Fall Term, 1824, the plea of the statute of limitations was added, and at the same term the defendant made an affidavit for the continuance of the cause, because of the absence of Alexander Henderson, a witness, and stated in his affidavit as follows: "The action is founded on the guaranty of defendant, and by said witness defendant expects to prove laches on the part of the bank as to discharge him from his engagement."
Upon the foregoing statement the following questions were made:
1. Whether, by the proceedings of the plaintiff in Pitt against the makers of the note, the defendant was discharged.
2. The plaintiff's counsel contended that the statement of the defendant in his affidavit was such an acknowledgment of a debt as to take the case out of the statute of limitations; and it was agreed between the parties that if the court should be of opinion with the defendant on these points, then the verdict which had been taken should be set aside and a nonsuit entered; if with the plaintiff on both points, then judgment to be entered upon the verdict.
The presiding judge, holding that the affidavit contained nothing to be left to the jury as evidence of an acknowledgment of a subsisting debt, directed the verdict to be set aside and a nonsuit entered, whereupon plaintiff appealed.
(517) I think the acknowledgment in the affidavit relied upon by the plaintiffs to take their claim out of the operation of the statute of limitations is not sufficient for that purpose. The defendant states in his affidavit that the action is founded on his guaranty, but he makes no acknowledgment of a present subsisting debt. The cases that come the nearest to this are Bryan v. Horsemen, 4 East, 599, and a case in 16 East, 419. In these cases the defendants acknowledged a present subsisting debt, but relied solely on the statute of limitations as a bar to the payment of it. Although in this case the defendant relies upon the laches of plaintiffs in giving time to the Mills, he does not state that that was his only ground of defense; he might have had others independent of that, and independent also of the statute of limitations. As, in addition to this, he makes no acknowledgment of a debt, I think judgment should be entered for him.